IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BARBARA J. STEWART, § | |
| § | |
| *Plaintiff* § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 4:12-cv-394 |
| § | |
| AMERICAN VAN LINES § | |
| UNITED SERVICES AUTOMOBILE § | |
| ASSOCIATION, UNITED STATES § | |
| VAN LINES, KENTRON PHILLIPS § | |
| AND MARSHA SMITH § | |
| § | |
| *Defendants* § | |

## FOURTH AMENDED COMPLAINT

Plaintiff, Barbara J. Stewart ("Stewart"), files her Fourth Amended Complaint against Defendants, American Van Lines, United Services Automobile Association ("USAA"), United States Van Lines, Kentron Phillips, and Marsha Smith, and would show the Court as follows:

### I.
### THE PARTIES

1.1 Plaintiff, Barbara J. Stewart, is an individual residing at 6405 Regina Drive, Fort Worth, Texas 76161.

1.2 Defendant, American Van Lines, is a corporation who has appeared in this suit.

1.3 Defendant, USAA, is a corporation who has appeared in this suit.

1.4 Defendant, United States Van Lines, is a corporation who has appeared in this suit.

1.5 Defendant, Kentron Phillips, is an individual who has appeared in this suit.

1.6 Defendant, Marsha Smith, is an individual who has appeared in this suit.

## II.
## JURISDICTION AND VENUE

2.1 This is an action arising out of interstate commerce law of the United States, 49 U.S.C. § 14706 and 49 C.F.R. § 375.

2.2 This Court has jurisdiction over the subject matter of this action pursuant to federal question jurisdiction set out in 28 U.S.C. § 1331. This Court also has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1337(a) because this matter involves a controversy regarding a bill of lading exceeding $10,000.00 exclusive of interest and costs.

2.3 This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.4 Venue is appropriate in this district pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## III.
## FACTS

3.1 In the spring of 2010, Plaintiff, who resided in Frisco, Texas, contacted Defendant, United States Van Lines, to obtain a price to move her personal property from her home in Frisco, Texas to Fayette, Mississippi. Plaintiff contacted Defendant, United States Van Lines, because United States Van Lines advertised its moving services in Texas. A representative of United States Van Lines came to Plaintiff's home in Frisco, Texas to discuss her upcoming move with her.

3.2 Plaintiff decided to use United States Van Lines for her move from Texas to Mississippi.

3.3 Plaintiff, as customer/shipper, and United States Van Lines, as moving interstate broker/shipper's agent, entered into a contract in the State of Texas for the relocation of

Plaintiff's personal property from 8850 Coleman Blvd., Apartment 319, Frisco, Texas 75034 to 1252 Highway 33, Fayette, Mississippi 39069. Plaintiff also signed a Bill of Lading regarding her move with Defendant USVL. The contract, Bill of Lading, and all related agreements and documents between Plaintiff and United States Van Lines are ambiguous.

3.4     Defendants Kentron Phillips and Marsha Smith participated in the acts and omissions of United States Van Lines about which Plaintiff complains in this suit

3.5     Pursuant to the contract, United States Van Lines agreed to provide a carrier to pick up Plaintiff's personal property from the Frisco, Texas location stated above on June 27 or June 28, 2010. Although not specified in the contract between Plaintiff and United States Van Lines, American Van Lines was ultimately the carrier for the relocation of Plaintiff's personal property from Frisco, Texas to Fayette, Mississippi.

3.6     American Van Lines did not arrive in Frisco, Texas at Plaintiff's apartment to pick up Plaintiff's personal property for relocation until June 30, 2010.

3.7     American Van Lines, the carrier who arrived at Plaintiff's residence to pick up her personal property for relocation, refused to pick up all the items at Plaintiff's residence included in Plaintiff's contract with United States Van Lines. The representative of American Van Lines claimed that he was behind schedule and had to leave. This left Plaintiff in a difficult position as she was required to vacate her apartment in Frisco, Texas by June 30, 2010. The representative of American Van Lines also refused to pick up items at Plaintiff's local storage facility, a service for which Plaintiff had contracted and paid in her contract with United States Van Lines. The representative for American Van Lines claimed that he could not drive his truck into Plaintiff's local storage facility due to the size of the truck, although trucks of the same size as the

American Van Lines' truck routinely enter Plaintiff's storage facility. Plaintiff was, therefore, forced to abandon her property at the storage facility.

3.8 After picking up some of Plaintiff's personal property in Frisco, Texas, excluding the personal property at Plaintiff's apartment and storage facility that American Van Lines refused to pick up, American Van Lines gave less than 24 hours notice for delivery of Plaintiff's personal property in Fayette, Mississippi.

3.9 When American Van Lines arrived in Fayette, Mississippi with Plaintiff's personal property less than 24 hours after leaving Frisco, Texas, American Van Lines refused to deliver Plaintiff's personal property to her residence in Fayette, Mississippi. American Van Lines claimed it could not get close enough to the Plaintiff's front door, and the delivery would require special services consisting of transferring Plaintiff's personal property to a smaller truck for an additional cost of $300.00. American Van Lines also refused to accept a credit card for the agreed balance owed by Plaintiff for her move. American Van Lines then left Plaintiff's residence in Fayette, Mississippi with Plaintiff's personal property.

3.10 American Van Lines subsequently informed Plaintiff that her personal property had been taken to Florida and that she must pay approximately $4,000.00 prior to delivery of her property.

3.11 Plaintiff timely filed pre-litigation claims regarding this matter with no resolution.

3.12 Plaintiff had insurance with USAA covering the loss of her personal property described above. Despite demand, USAA has failed to pay Plaintiff for the loss of her personal property in the amount of $25,000.00, the policy limits on Plaintiff's insurance policy with USAA.

## IV.
## CAUSES OF ACTION

**49 U.S.C. § 14706:**

4.1     Plaintiff brings a claim against American Van Lines, United States Van Lines, Kentron Phillips, and Marsha Smith under 49 U.S.C. § 14706.  Plaintiff delivered her personal property to American Van Lines in good condition, and Defendants failed to deliver the goods to Plaintiff at her residence in Fayette, Mississippi.  As a result of the failure of Defendants, American Van Lines, United States Van Lines, Kentron Phillips, and Marsha Smith, to deliver Plaintiff's personal property to her in Fayette, Mississippi, Plaintiff has sustained damages in the amount of $45,000.00 for the value of her personal property plus reasonably foreseeable consequential damages consisting of costs she paid for the move to United States Van Lines of $1,316.03 which was not refunded to her, loss of use of her personal property, and amounts paid by Plaintiff to replace her personal property.

**49 C.F.R. § 375**

4.2     Defendants have also violated 49 C.F.R. § 375 as follows:

   a.   Marsha Smith and United States Van Lines violated 49 C.F.R. § 375 part 213(a)(1)(3)(4)(5) when Marsha Smith failed to provide a copy of 49 C.F.R. Appendix A ("Your Rights and Responsibilities When You Move"), a concise easy-to-read accurate estimate of the charges to Plaintiff, a notice of the availability of the applicable sections of the tariff for the estimate of charges, including an explanation that individual shippers may examine these tariff sections or have copies sent to them upon request, a concise, easy-to-read summary of the United States Van Lines arbitration program, and a concise, easy-to-read and accurate summary of the United States Van Lines customer complaint and inquiry handling procedures;

   b.   United States Van Lines violated 49 C.F.R. 375, part 605 when United States Van Lines failed to notify Plaintiff of delays in picking up her personal property in Frisco, Texas;

c.  American Van Lines violated 49 C.F.R. 375, part 501(f) by failing to provide the services requested by Plaintiff when American Van Lines refused to pick up all items listed in the original contract between Plaintiff and United States Van Lines;

d.  American Van Lines violated 49 C.F.R. 375, parts 601 and 607, when American Van Lines gave less than 24 hours notice for delivery of Plaintiff's property at the destination;

e.  American Van Lines violated 49 C.F.R. 375, part 607, when the representative of American Van Lines arrived in Mississippi to deliver Plaintiff's property and stated that he could not get close enough to Plaintiff's front door and would require special services consisting of transferring Plaintiff's property to a smaller truck for an additional charge of $300.00 when, in fact, no special services were required; and

f.  American Van Lines also violated 49 C.F.R. 375, part 607(a)(b) when American Van Lines failed to place Plaintiff's personal property in a local storage facility in Fayette, Mississippi at American Van Lines' expense after giving Plaintiff less than 24 hours notice of delivery at the point of destination.

### Breach of Contract

4.3  With respect to USAA, USAA breached its insurance contract with Plaintiff. Plaintiff insured her belongings against loss with USAA. Plaintiff has incurred a loss under her insurance agreement with USAA in excess of the policy limits of $25,000.00. However, USAA has failed to pay Plaintiff the policy limits of $25,000.00 with respect to Plaintiff's loss. Plaintiff is entitled to recover reasonable and necessary attorney's fees in the trial court and on appeal for Defendants' breach of contract pursuant to Section 38.001 of the Tex. Civ. Prac. & Rem. Code.

### V.
### PRAYER FOR RELIEF

Plaintiff prays that, upon final trial, this Court enter judgment against Defendants as follows:

a.  against American Van Lines, United States Van Lines, Kentron Phillips, and Marsha Smith for the value of Plaintiff's personal property, and reasonably foreseeable consequential damages, plus pre-judgment and post-judgment interest at the highest legal rate;

    b.      against United Services Automobile Association for breach of contract plus pre-judgment and post-judgment interest at the highest legal rate and reasonable and necessary attorney's fees in the trial court and on appeal; and

    c.      granting Plaintiff such other and further relief, at law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

Law Office of Foster & Foster, P.C.

By:    */s/ Susan Johnson Foster*
Susan Johnson Foster
State Bar No. 07297700
2500 Dallas Parkway, Suite 108
Plano, TX 75093
Tel: (972) 991-1606
Fax: (972) 202-4581

## Certificate of Service

I certify that a true and correct copy of the above and foregoing was served on all attorneys of record pursuant to the Federal Rules of Civil Procedure.

    */s/ Susan Johnson Foster*