IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BARBARA J. STEWART | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CASE NO. 4:12CV394 |
| | § | |
| AMERICAN VAN LINES, ET AL. | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Now before the Court are Defendants American Van Lines, United States Van Lines, Kentron Phillips and Marsha Smith's Motions to Dismiss and Strike in Response to Plaintiff's Fourth Amended Complaint (Dkt. 92), USAA's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 94), and Plaintiff's Motion for Summary Judgment (Dkt. 96). Having reviewed the motions, the Court finds as follows:

Plaintiff, Barbara Stewart, in her Fourth Amended Complaint has sued American Van Lines, United States Van Lines, Kentron Phillips, Marsha Smith ("the Moving Company Defendants") and United Services Automobile Association (USAA). *See* Dkt. 89. Stewart contracted with United States Van Lines to move her personal property from Texas to Mississippi. United States Van Lines then subcontracted with American Van Lines to do the move. Stewart claims that American did not pick up all items at her residence. American then moved some of her property to Mississippi with less than 24 hours notice of its arrival. However, when the truck arrived at her home in Mississippi,

1

the driveway and streets were too narrow for the truck to use and American told her that an additional $300.00 was required to transfer the goods to a smaller truck to complete the move.

The parties disagree on what happened next. American stated that it was against company policy to accept a check from Ms. Stewart and she would only pay by check. Ms. Stewart says that American would not take her credit card and would only take cash. The long and short of this story is that American took the goods to Florida where they remain in storage, and United States Van Lines will not release the goods until the storage fee and remaining move fee is paid. Plaintiff has also sued USAA for loss of personal property insured through her policy with USAA.

As to the Moving Company Defendants, Plaintiff alleges violations of 49 U.S.C. § 14706 for value of her personal goods. Plaintiff also claims Smith, American Van Lines and United States Van Lines violated 49 C.F.R. §375 by failing to abide by regulations required of household movers.[1] With respect to Defendant USAA, Plaintiff asserts a breach of contract claim. The Court will address the claims asserted against each set of Defendants separately.

**USAA**

Plaintiff has sued USAA, alleging that her insurance policy with USAA covered the loss of her personal property moved by the Moving Company Defendants but that USAA has declined to cover that loss. USAA has sought to dismiss this case for lack of subject matter jurisdiction. The Court agrees that there is no diversity as to Plaintiff's claims against USAA. Therefore, the only

---

[1] To the extent Plaintiff now asserts or has attempted to any state claims against the Moving Company Defendants, they are preempted by the Carmack Amendment. *See Moffit v. Bekins Van Lines Co.*, 6 F.3d 305 (5th Cir. 1993).

inquiry is whether the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

The Court has original jurisdiction over Plaintiff's claims against the Moving Company Defendants pursuant to the Carmack Amendment and federal question jurisdiction. Therefore, if Plaintiff's claims against USAA are so related to the claims within the Court's original jurisdiction to form part of the same case or controversy under Article III of the United States Constitution, then the Court may entertain jurisdiction. 28 U.S.C. § 1367(a). Section 1367(a) clearly grants jurisdiction over claims that do not independently come within the jurisdiction of the district court but form part of the same Article III "case or controversy" as the federal claim. *State Nat'l Ins. Co. v. Yates,* 391 F.3d 577, 579 (5th Cir. 2004) (citing *Jinks v. Richland County, S.C.,* 538 U.S. 456, 458 (2003)).

To determine whether claims fall under Section 1367(a), a court must ask "whether the supplemental claims are so related to the original claims that they form part of the same case or controversy, or in other words, that they 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy,* 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers v. Gibbs,* 383 U.S. 715, 725 (1966)); *City of Chicago v. Int'l College of Surgeons,* 522 U.S. 156, 118 S.Ct. 523 (1997) ("federal courts' original jurisdiction over federal questions carries with it jurisdiction over state law claims that 'derive from a common nucleus of operative fact'"); *see also* WRIGHT & MILLER, 13D FEDERAL PRACTICE & PROCEDURE § 3567.1 (explaining that supplemental jurisdiction "embraces *at least* the Gibbs standard" and "the key to applying Gibbs, and therefore § 1367(a), is giving meaning to the phrase 'common nucleus of operative fact.'"). A loose factual connection between the claims is generally sufficient. *See* WRIGHT & MILLER, 13D FEDERAL PRACTICE &

PROCEDURE § 3567.1; *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir. 1995). A court's determination of whether to exercise supplemental jurisdiction is guided by considerations of judicial economy, convenience and fairness to litigants. *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988).

The question is thus whether Plaintiff's claims against USAA and the Moving Company Defendants would ordinarily be expected to be tried all in one judicial proceeding. *Id.* at 349 (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). If so, then supplemental jurisdiction would be appropriate.

The Court finds that the claims against USAA do not form part of the same case or controversy to warrant supplemental jurisdiction. At best, there is only a loose factual connection between the claims. Ultimately, Plaintiff's claims against USAA constitute a coverage dispute reserved for state court and do not lie with Plaintiff's controversy with the Moving Company Defendants as to the shipment of her belongings. USAA's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 94) should be GRANTED and the claims against USAA dismissed without prejudice to refiling in a court of competent jurisdiction.

**The Moving Company Defendants**

The remaining defendants, The Moving Company Defendants, also seek dismissal of the claims against them on several grounds (*see* Dkt. 92). As shown below, the Court finds that the motion should be GRANTED in part and DENIED in part.

First, the Moving Company Defendants seek dismissal of the suit pursuant to Rule 12(b)(3) or transfer of the suit under 28 U.S.C. §§ 1404(a) and 1406(a) for improper venue. The Moving

Company Defendants argue that, pursuant to a number of forum-selection clauses in its bill of lading and other contracts related to this case, the matter must be transferred to Florida. *See generally* Exhibits A-D attached to Affidavit of Aldo Disorbo, Dkt. 92-1. The various contracts first describe United States Van Lines as a shipping agent presumably for the shipper (Stewart) and then as a carrier. According to the affidavit of Disorbo, United States Van Lines acts as agent and broker for American. He says that American's principal place of business is Florida, but in its answer to Plaintiff's First Amended Complaint, Defendant admits it is a corporation with offices in San Antonio, Texas. The records of the Texas Secretary of State indicate that it is registered as a Texas domestic corporation.

Contrary to Disorbo's Affidavit, the Court can find no contracts which state that American is to do the move. Put another way, there is no written contract between American and Stewart. Exhibit A to the affidavit states that United States Van Lines is the moving coordinator/shipper agent. Dkt. 92-1 at 7. United States Van Lines specifically states it is not responsible for any damage caused by the (unnamed) carrier. The contract ends with language that United has the authority to act as the shipper or the move can be assigned to a properly licensed mover or carrier operating under their independent authority. As stated, none of the referenced exhibits mention American Van Lines.

In this case, Exhibits A, B and D to Disorbo's Affidavit state that any dispute arising out of or relating to the agreements shall be brought in the Courts of Record of the State of Florida in Broward County or the Court of the United States, Southern District Florida in Broward County. *See* Dkt. 92-1. Historically, in the Fifth Circuit, forum-selection clauses have been enforced unless

5

it is shown by the resisting party to be unreasonable under the circumstances. *Haynsworth v. The Corporation,* 121 F.3d 956, 962-63 (5th Cir. 1997). Enforcement of a forum-selection clause may be unreasonable where: "(1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Id.* at 963 (internal citations and quotations omitted). The party arguing against enforcement of the forum-selection clause bears the heavy burden of proving its enforcement is unreasonable. *Id.*

As to the Moving Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(3), it has been waived in that it was not raised in the Defendant's first responsive pleading. *See* FED. R. CIV. P. 12(h)(1)(A); *Albany Ins. Co. v. Almacendora Somex*, S.A., 5 F.3d 907 (5th Cir. 1993). The case cannot be dismissed based on the forum-selection clause choosing a Florida, rather than Texas, venue.

However, the Supreme Court has recently held that forum-selection clauses may be enforced by a motion to transfer under 28 U.S.C. § 1404(a). *See Atlantic Marine Constr. Co., Inc. v. U. S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, __ U.S. __, (2013). In fact, the Supreme Court goes on to state that valid forum-selection clauses are to be given controlling weight in all but the most exceptional cases. *Id.* at 579. As the Court notes, when the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the specified forum. *Id.*

at 581. Convenience of the parties is not a consideration. *Id.* The Supreme Court then goes on to hold that the burden is on the plaintiff to show why the transfer should not occur. *Id.* And, as stated, the Supreme Court holds that the parties' private interests are of no concern. *Id.* at 582. The Court then goes on to hold that the district court may only consider public-interest factors, but those factors will rarely prevent transfer and only in the most exceptional cases. *Id.*

In light of the Supreme Court's recent holding and prevalent Fifth Circuit authority, the Court is limited in its analysis to whether the four factors noted above are such exceptional factors which would warrant the Court's denial of a motion to transfer. Overreaching is defined as "(t)he act or an instance of taking unfair commercial advantage of another, esp. by fraudulent means." *Ginter ex. rel. Ballard v. Blecher Prendergast & Laporte*, 536 F.3d 439 at 449 (5th Cir. 2008) (Dennis J., dissenting) (quoting BLACK'S LAW DICTIONARY 1136 (8th ed. 2004)).

Plaintiff has submitted a declaration stating that requiring her to submit to jurisdiction in Florida would effectively deprive her of her day in court. *See* Dkt. 93-2. The Court notes that, early on in this suit, Plaintiff was *pro se.* She was eventually able to secure the services of counsel who, it appears, is not licensed in Florida. She states that she cannot afford an attorney in Florida and cannot afford to travel for depositions, hearings or a trial. She says she has no personal funds nor does she have credit cards and is unable to borrow any money to finance litigation or travel. She claims that, at some pont in time when the move was made, she was disabled and unable to work. She lost everything in the move and has experienced extreme financial hardship in trying to replace personal property. The Court finds that a transfer to Florida would effectively deprive her of redress.

Further, the Carmack Amendment has its own venue provision and the Carmack Amendment governs the enforceability of any forum-selection clause contained in the bill of lading. Section 14706(d)(1) of the Carmack Amendment provides that a civil action may be brought against a delivering carrier in a district court of the United States through which the carrier operates. 49 U.S.C. § 14706(d)(1).

In general, venue statutes exist for two primary reasons: "(1) to lay venue in a place that has a logical connection with the parties to the litigation; and (2) to protect the defendant against the hardship of having to litigate in a distance place." *Energy Res. Group, Inc. v. Energy Res. Corp.*, 297 F.Supp. 232, 234 (S. D. Tex. 1969). Here, the Carmack Amendment codifies "the right of the shipper to sue the carrier in a convenient forum of the shipper's choice." *Aaacon Auto Transp., Inc. v. State Farm Mut. Auto. Ins. Co.,* 537 F.2d 648, 654 (2nd Cir. 1976). Thus, the Carmack Amendment essentially prohibits enforcement of forum-selection clauses and provides that suit may be brought against a carrier in a forum convenient to the shipper. *See id.; see also Seko Air Freight, Inc. v. Direct Transit, Inc.,* 859 F.Supp. 306 (N. D. Ill. 1994); *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115 (9th Cir. 2011); *Aluminum Products Distributors, Inc. v. Aacon Auto Transp., Inc.,* 549 F.2d 1381, 1385 (6th Cir. 1977); *Siaci Saint Honore v. Ironbound Exp., Inc.*, 884 F.Supp.2d 100 (S.D.N.Y. 2012); *Travelers Prop. Cas. Co. of America v. Legacy Transp. Servs., Inc.*, 2010 WL 1463574 (N.D. Cal. 2010); *Kyodo U.S.A. , Inc. v. Cosco North Am., Inc.*, 2001 WL 1835158 (C.D. Cal. 2001) *but see J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 2011 WL 3703607( W.D. Ark. 2011).

The Court finds that the Supreme Court's decision in *Kawasaki Kisen Kaisha, Ltd. v. Regal - Beloit Corp.* does not overrule long standing holdings as to cases involving the Carmack Amendment. *Kawasaki Kisen Kaisha, Ltd. v. Regal - Beloit Corp.*, 561 U.S. 89, 130 S. Ct. 2433, 177 L. Ed.2d 424 (2010). *Kawaski*'s analysis focused on whether the inland portion of an international shipment under a bill of lading designating a selected forum was trumped by the Carmack Amendment. The Court held that the Carmack Amendment did not apply not and that such a clause could not be trumped by the Amendment. 130 S. Ct. at 2447-2448.

In matters involving household shipments within the United States, however, Congressional intent as to venue overrides a forum-selection clause particularly where such is in reality only a matter of contract adhesion. The shipper has for all practical purposes little choice in the matter and if the shipper desires to move household goods, she is at the mercy of the carrier. Although the Court recognizes that there is no direct Fifth Circuit authority on this matter, the Court finds that the forum-selection clause is unenforceable in actions like this brought under the Carmack Amendment.

In this case, it is undisputed that American Van Lines was the delivering carrier. American picked up Stewart's household goods in this District for transport to Mississippi. American was not a party to the contracts relied upon by United States Van Lines. In fact, United States Van Lines, as Stewart's broker agent, explicitly repudiates any loss or damage caused by the motor carrier. Yet, United States Van Lines then goes on to explain that it and American really operate as one company and that American should reap whatever benefits accrue to United States Van Lines under the contracts.

Moreover, the Court views United States Van Lines' explanation of the role of American Van Lines to be nothing more than a "shell game." United States Van Lines appears to disclaim any liability for American, but, at the same time, has some sort of a brokerage relationship and possibly business relationship with American. There is some merit in an argument that the clause was the product of commercial overreaching and that to enforce it would effectively deprive Stewart of redress.

The Court finds that there is no valid forum-selection clause as to American and that there are no arguments which would warrant a transfer even without consideration of the forum-selection clause. American is registered in Texas and doing business in this District, and the dispute originates from its acts and omissions, at least in part, in this District.

In the end, *Atlantic Marine* does not alter the Court's analysis of venue. In this case, Congress has provided a specific venue provision to govern whether the dispute may be held. The Court notes that *Atlantic Marine* dealt with two businesses which can deal at arms length. Such is not the case in this consumer setting. Under the facts of this case and given Congress's preemptive regulation of household shippers through the Carmack Amendment, the Court holds that enforcement of the forum-selection clause relied upon by the Moving Company Defendants would be unreasonable under the circumstances.

For all the reasons cited above, venue is proper in this Court as to Plaintiff's disputes with the Moving Company Defendants and the Court should not dismiss or transfer on those grounds.

The Moving Company Defendants also move to dismiss all claims made against Kentron Phillips and Marsha Smith individually. The Court agrees that Stewart's claims against Phillips and

Smith should be dismissed. All claims asserted by Stewart may only be brought against the carriers. There is nothing in Stewart's last filed complaint that would demonstrate any independent liability as to the named individuals. Anything they are alleged to have done would have been done in their representative capacities for United States Van Lines or American Van Lines. All of Plaintiffs' claims against Kentron Phillips and Marsha Smith should be DISMISSED.

This leaves for resolution Plaintiff's claims under 49 U.S.C. § 14706 and 49 C.F.R. 375 against United States Van Lines and American Van Lines.

The remaining Moving Company Defendants ask the Court to either dismiss the C.F.R. claims for lack of subject matter jurisdiction, failure to state a claim, or strike, for the reasons that 49 C.F.R. § 375 does not create a private cause of action. The shipment of household goods by individual consumers is governed in part by the regulations found in 49 C.F.R. § 375. A household goods motor carrier must follow Part 375's regulations when offering its services to individual shippers in interstate commerce. 49 C.F.R. § 375.101. The Secretary of Transportation has jurisdiction over consumer protection matters, which has been delegated to the Federal Motor Carrier Safety Administration. *See Transportation of Household Goods in Interstate Commerce; Consumer Protection Regulations: Released Rates of Motor Carriers of Household Goods*, 77 Fed. Reg. 25371 (Apr. 30, 2012).

Private causes of action to enforce federal law must be created by Congress. *See Touche Ross & Co. v. Reddington*, 442 U.S. 560, 568, 99 S. Ct. 2479, 2485, 61 L.Ed. 2d 82 (1979). Thus, the task before the Court is to determine not only whether the regulation creates a federal right but also whether a private remedy exists. *See Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S.

11

11, 15 (1979). Statutory intent on the latter point is determinative. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 812 n.9 (1986). "Statutes that focus on the person regulated rather than the individuals protected create 'no implication of an intent to confer rights on a particular class of persons.'" *Alexander,* 532 U.S. at 289, 121 S.Ct. 1511 (quoting *California v. Sierra Club,* 451 U.S. 287, 294, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981)). The Court has been unable to find no cases – and no cases have been cited – as to applicable Fifth Circuit authority. A few cases have recognized explicitly or by implication a private cause of action for violation of the 49 C.F.R. § 375. *See Hargrove v. Universe Exp. Inc. Moving & Storage*, 2013 WL 5218104 (E.D. N.C. 2013); *Buchanan v. Neighbors Van Lines*, 2011 WL 5005769 (C. D. Cal. 2011) (Section 375.703(b)); *Frey v. Bekins Van Lines, Inc.*, 2012 WL 1107719 (E.D. N.Y. 2012), but *see Isupov v. Am. Relocation Moving Specialist*, 2011 WL 2462880 (E.D. Cal. 2011).

Stewart claims that United States Van Lines violated 49 C.F.R. § 375 part 213(a) (1)(3)(4)(5) by failing in part to notify her of the arbitration program. Violation of this regulation is actionable under 49 U.S.C. § 14708. If a carrier does not inform a shipper of the dispute program it may be liable for attorneys fees. Thus, to the extent Stewart can show that United (or American) violated the appropriate regulation as to arbitration as implemented by the above statute, she may maintain a cause of action for attorney fees. Courts have also construed "actual loss or damage" under the Carmack Amendment to include damages for delay. *See Am. Nat'l Fire Ins. Co. v. Yellow Freight Sys.,Inc.* 325 F.3d 924,931 (7th Cir. 2003). Stewart has alleged sufficient facts as to such a complaint.

49 U.S.C. §§ 14710 and 14711 express an intent at least to restrict enforcement as to the Secretary or the State in its parens patriae authority as to consumer protection. Therefore, some of the regulations relied upon by Stewart may not provide for a right of private action. The Court finds that, absent reliance on a statute, there is no private cause of action under the Regulations. Plaintiff however has stated a claim for violation of the Carmack Amendment for damages, for delay damages and failure to disclose arbitration provisions. Claims for improper storage, lack of notice as to an estimate of charges and tariffs and removing fees are subsumed in the Amendment's provision for damages or limitation of carrier defenses. In summation, the statutes provide all Plaintiff wishes to achieve through the Regulations. To the extent necessary, Plaintiff is granted leave to amend her complaint consistent with any findings herein.

As to Plaintiff's surviving claims under 49 U.S.C. § 14706 against Defendants United States Van Lines and American Van Lines, the Court has reviewed the record and finds that there is a fact issue as to Plaintiff's claims and that "the evidence presents a sufficient disagreement to require submission to a jury..." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986). The parties' summary judgment evidence presents issues of credibility as to whether Plaintiff delivered the goods to the carrier in good condition, whether the goods were damaged or lost, whether the carrier was free from negligence or whether the damage was due to the inherent nature of the goods or attributable to an act of God, public enemy, the shipper, or public authority, and what damages Plaintiff has suffered. *See Man Roland, Inc. v. Kreitz Motor Exp., Inc*., 438 F.3d 476, 479 (5th Cir. 2006). Such are matters only appropriate for a jury to resolve. Plaintiff's Motion for Summary Judgment (Dkt. 96) should be DENIED and those claims should

proceed to trial.

**RECOMMENDATION**

Therefore, it is recommended that USAA's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 94) be GRANTED, that Plaintiff's claims against Defendant USAA be dismissed without prejudice to refiling in a court of competent jurisdiction, that Defendants American Van Lines, United States Van Lines, Kentron Phillips and Marsha Smith's Motions to Dismiss and Strike in Response to Plaintiff's Fourth Amended Complaint (Dkt. 92) be GRANTED as to Plaintiff's claims against Defendants Smith and Phillips and Plaintiff's claims under 49 C.F.R. § 375 and that Plaintiff's claims against Defendants Smith and Phillips and Plaintiff's claims under 49 C.F.R. § 375 be dismissed with prejudice. It is further recommended that Defendants American Van Lines, United States Van Lines, Kentron Phillips and Marsha Smith's Motions to Dismiss and Strike in Response to Plaintiff's Fourth Amended Complaint (Dkt. 92) be DENIED as to Defendants' venue arguments, that Plaintiff's Motion for Summary Judgment (Dkt. 96) be DENIED, and that Plaintiff's remaining claims against United States Van Lines and American Van Lines for damages, delay damages, failure to furnish arbitration notice, and other damages[2] cognizable under the Carmack Amendment should proceed to trial in this District.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28

---

[2] Although holding possession of household goods hostage may subject a carrier to criminal as well as civil penalties there is no private cause of action for violation of 49 U.S.C. §14915. However, the Secretary may assign a any portion of the civil fine to the aggrieved shipper. *See* 49 U.S.C. 14915(a). Therefore, Stewart could seek redress from the Secretary.

U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 21st day of January, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE