IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BARBARA J. STEWART, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § CIVIL ACTION NO. 4:12-cv-394 | |
| § | |
| AMERICAN VAN LINES and § | |
| UNITED STATES VAN LINES, § | |
| § | |
| Defendants. § | |

## SIXTH AMENDED COMPLAINT

Plaintiff, Barbara J. Stewart ("Stewart"), files her Sixth Amended Complaint against Defendants, American Van Lines and United States Van Lines, and would show the Court as follows:

## I.
## THE PARTIES

1.1    Plaintiff, Barbara J. Stewart, is an individual residing at 6405 Regina Drive, Fort Worth, Texas 76161.

1.2    Defendant, American Van Lines, is a corporation who has appeared in this suit.

1.3    Defendant, United States Van Lines, is a corporation who has appeared in this suit.

## II.
## JURISDICTION AND VENUE

2.1    This is an action arising out of interstate commerce law of the United States, 49 U.S.C. § 14706 and § 14708.

2.2    This Court has jurisdiction over the subject matter of this action pursuant to federal question jurisdiction set out in 28 U.S.C. § 1331.

2.3     Venue is appropriate in this district pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.  Venue is also appropriate in this district pursuant to 49 U.S.C. § 14706(d)(1) because Defendants, United States Van Lines and American Van Lines, operate in this district.

### III.
### FACTS

3.1     In the spring of 2010, Plaintiff, who resided in Frisco, Texas, contacted Defendant, United States Van Lines, to obtain a price to move her personal property from her home in Frisco, Texas to Fayette, Mississippi.  Plaintiff contacted Defendant, United States Van Lines, because United States Van Lines advertised its moving services in Texas.

3.2     Plaintiff decided to use United States Van Lines for her move from Texas to Mississippi.

3.3     Plaintiff, as customer/shipper, and United States Van Lines, as moving interstate broker/shipper's agent, entered into a contract in the State of Texas for the relocation of Plaintiff's personal property from 8850 Coleman Blvd., Apartment 319, Frisco, Texas 75034 to 1252 Highway 33, Fayette, Mississippi 39069.  Plaintiff also signed a Bill of Lading regarding her move with Defendant United States Van Lines.  The contract, Bill of Lading, and all related agreements and documents between Plaintiff and United States Van Lines are ambiguous and the product of commercial overreaching by United States Van Lines.

3.4     Pursuant to the contract, United States Van Lines agreed to provide a carrier to pick up Plaintiff's personal property from the Frisco, Texas location stated above on June 27 or June 28, 2010.  Although not specified in the contract between Plaintiff and United States Van Lines, American Van Lines was ultimately the carrier for the relocation of Plaintiff's personal property from Frisco, Texas to Fayette, Mississippi.

3.5     There is no contract between Plaintiff and American Van Lines.

3.6     American Van Lines did not arrive in Frisco, Texas at Plaintiff's apartment to pick up Plaintiff's personal property for relocation until June 30, 2010.

3.7     American Van Lines, the carrier who arrived at Plaintiff's residence to pick up her personal property for relocation, refused to pick up all the items at Plaintiff's residence included in Plaintiff's contract with United States Van Lines.  The representative of American Van Lines claimed that he was behind schedule and had to leave.  This left Plaintiff in a difficult position as she was required to vacate her apartment in Frisco, Texas by June 30, 2010.  The representative of American Van Lines also refused to pick up items at Plaintiff's local storage facility, a service for which Plaintiff had contracted and paid in her contract with United States Van Lines.  The representative for American Van Lines claimed that he could not drive his truck into Plaintiff's local storage facility due to the size of the truck, although trucks of the same size as the American Van Lines' truck routinely enter Plaintiff's storage facility.  Plaintiff was, therefore, forced to abandon her property at the storage facility.

3.8     After picking up some of Plaintiff's personal property in Frisco, Texas, excluding the personal property at Plaintiff's apartment and storage facility that American Van Lines refused to pick up, American Van Lines gave Plaintiff less than 24 hours notice for delivery of Plaintiff's personal property in Fayette, Mississippi.

3.9     When American Van Lines arrived in Fayette, Mississippi with Plaintiff's personal property less than 24 hours after leaving Frisco, Texas, American Van Lines refused to deliver Plaintiff's personal property to her residence in Fayette, Mississippi. American Van Lines claimed it could not get close enough to the Plaintiff's front door, and the delivery would require special services consisting of transferring Plaintiff's personal property to a smaller truck for an additional cost of $300.00.  American Van Lines also refused to accept a credit card for the

agreed balance owed by Plaintiff for her move. American Van Lines then left Plaintiff's residence in Fayette, Mississippi with Plaintiff's personal property.

3.10    Defendants subsequently informed Plaintiff that her personal property had been taken to Florida and that she must pay approximately $4,000.00 prior to delivery of her property.

## IV.
## CAUSES OF ACTION

**49 U.S.C. § 14706 and 14708:**

4.1    Plaintiff brings a claim against American Van Lines and United States Van Lines under 49 U.S.C. § 14706 and § 14708. Plaintiff delivered her personal property to American Van Lines in good condition, and Defendants failed to deliver the goods to Plaintiff at her residence in Fayette, Mississippi. As a result of the failure of Defendants, American Van Lines and United States Van Lines to deliver Plaintiff's personal property to her in Fayette, Mississippi, Plaintiff has sustained damages in the amount of $44,065.00, or pleading in the alternative $22,032.50, for the value of her personal property plus damages consisting of costs she paid for the move to United States Van Lines of $1,316.03 which was not refunded to her, loss of use of her personal property, damages for delay in the delivery by American Van Lines and United States Van Lines of Plaintiff's personal property, and the amounts paid by Plaintiff to replace her personal property.

4.2    Pursuant to 49 U.S.C. § 14708, a carrier providing transportation of household goods, such as American Van Lines and United States Van Lines, must agree to offer in accordance with this Section to shippers of household goods arbitration as a means of settling disputes between carriers and shippers of household goods concerning damage or loss to the household goods transported. American Van Lines failed to provide Plaintiff notice of the availability of

arbitration as a means of settling disputes as required by § 14708. United States Van Lines failed to provide Plaintiff with adequate notice of the availability of neutral arbitration, including a concise easy-to-read, accurate summary of the arbitration procedure and any applicable costs, and disclosure of the legal effects of election to use arbitration. The notice of the availability of arbitration required by 49 U.S.C. § 14708 was not provided to Plaintiff by either American Van Lines or United States Van Lines prior to the time Plaintiff tendered her household goods to American Van Lines for transportation. Accordingly, Plaintiff is entitled to recover reasonable and necessary attorneys' fees in the trial court and on appeal from American Van Lines and United States Van Lines pursuant to 49 U.S.C. § 14708(d).

## V.
## PRAYER FOR RELIEF

Plaintiff prays that, upon final trial, this Court enter judgment against Defendants as follows:

a. against American Van Lines and against United States Van Lines for the value of Plaintiff's personal property, the costs Plaintiff paid for her move, damages for delay in the delivery of Plaintiff's property, the amounts Plaintiff paid for replacement of her property and reasonably foreseeable consequential damages, plus pre-judgment and post-judgment interest at the highest legal rate;

b. against American Van Lines and against United States Van Lines for reasonable and necessary attorneys' fees in the trial court and on appeal pursuant to 49 U.S.C. § 14708(d); and

c. granting Plaintiff such other and further relief, at law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

Law Office of Foster & Foster, P.C.


By: ___*/s/ Susan Johnson Foster*___
       Susan Johnson Foster
       State Bar No. 07297700
       2500 Dallas Parkway, Suite 108
       Plano, TX 75093
       Tel: (972) 991-1606
       Fax: (972) 202-4581
       susanfoster@fosterlegal.com

### Certificate of Service

I certify that a true and correct copy of the above and foregoing was served on all attorneys of record pursuant to the Federal Rules of Civil Procedure this the 13 day of March, 2014.


/s/ *Susan Johnson Foster*
Susan Johnson Foster